THE STATE v. WILLIAM D. SCHOOLFIELD ET AL.

The 482d article of the Code of Criminal Procedure divides exceptions to an indictment into those of form and those of substance. (Paschal's Dig., Art. 2949, Note 733.) And it is not contemplated that a general demurrer or exception which does not notify the court whether the defect of the indictment is one of form or of substance shall be heard.

Although an indictment may be defective, yet if no defect was pointed out the court should not consider it.

APPEAL from Walker. The case was tried before Hon. PETER W. GRAY, one of the district judges.

By article 668 of the Penal Code, as it was in the days of slavery, it was declared, that "if any person who deals in intoxicating liquors, either by wholesale or retail, shall sell to a slave, without the written consent of his master, mistress, overseer, or employer, any intoxicating liquors, or shall give to any such slave, and without such written

consent, any intoxicating liquors, he shall be fined not less than $50, nor more than $200." (O. & W. Dig., p. 542.)

The indictment alleged that "William D. Schoolfield and William Evans and James O. Wiley, being then partners in the sale of intoxicating liquors by retail, and persons who dealt in intoxicating liquors by retail, did, on the 1st day of July, 1859, in the aforesaid State and county, sell to one Taylor (who was then and there a slave, and the property of Mrs. Alphia L. Hightower) intoxicating liquor, without the written consent of the aforesaid Mrs. Alphia L. Hightower, who was then and there the mistress of said slave." There was another count, alleging that they gave the liquor to the same slave, &c.

The demurrer to the indictment was general, that it was "insufficient in law." The court sustained the demurrer and quashed the indictment, from which the State appealed. There was no appearance for the appellees.

*Thomas M. Jack,* representing *George Flournoy, Attorney General,* insisted, for the State, that the allegation of partnership was surplusage, and need not be regarded; that it was not physically impossible that the defendants should join in selling or giving liquor to a slave; and, at any rate, the indictment described a statutory offense, upon which one or all might be convicted.

No brief for the appellees has been furnished to the *Reporter.*

BELL, J.—We are of opinion that the court below erred in considering the general exception which was taken to the indictment.

The Code of Criminal Procedure provides what exceptions may be taken to indictments, dividing them into two classes, exceptions to the form and exceptions which go to the substance of the indictment.

The Code does not contemplate that a general demurrer

to an indictment, or a general exception which does not notify the court whether the defect of the indictment is one of form or one of substance, shall be heard by the court.

The Code of Criminal Procedure has laid down a set of rules on this subject which are simple, and which, if observed in practice, would enable the courts in a short time to reduce criminal pleadings, or the pleadings and practice in criminal cases, to an intelligible system.

The indictment before us may be defective, but we are of opinion that no defect was pointed out in such manner as to authorize the court to consider it.

The judgment of the court below is reversed, and the cause

REMANDED.